IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AHMED BRIKA,**

    **Petitioner,**                                        **CASE NO. 2:08-CV-877**
                                                                    **CRIM. NO. 2:01-CR-126**
**v.**                                                                   **JUDGE MARBLEY**
                                                                  **MAGISTRATE JUDGE ABEL**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**OPINION AND ORDER**

      On August 17, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that claims one through three and five and six be dismissed, and that the petition for a writ of habeas corpus be granted on claim four and an Amended Judgment Entry of Sentence be issued deleting the provision of petitioner's sentence that includes the tolling of his term of supervised release during the time period that he is out of the United States as a result of deportation. Petitioner has filed objections to the Magistrate Judge's recommendations. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

      Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims on the merits and to the Magistrate Judge's denial of his request for an evidentiary hearing. Petitioner again argues that the affidavit of Michael Wile, establishes his actual innocence of the charge such that his conviction should be vacated, or an evidentiary hearing held on this claim.[1] As noted by the

---

[1] Wile states in his affidavit that "on or about June 12, 2001," the time that Mohammed was allegedly being held captive in Morocco, he met with Mohammed Bousfiha to discuss the purchase of a gas station, and Mohammed never mentioned being kidnapped and did not appear to be disfigured. Wile also states that in August 2001, Mohammed presented him with a check

Magistrate Judge, however, a free standing claim of actual innocence is not properly considered in these proceedings, and petitioner has failed to meet the high threshold required for establishing actual innocence in any event. *See House v. Bell*, 547 U.S. 518 (2006). Assuming that petitioner's claim may be considered under Rule 33 of the Federal Rule of Criminal Procedure, upon review of the trial transcripts, this Court simply is not persuaded that testimony from Wile would likely have produced an acquittal, because Wile's proposed testimony contradicts other evidence submitted at trial and does not, therefore, establish petitioner's innocence of the charge, or that the jury would have likely issued a not guilty verdict had Wile so testified at trial.

      Further, the Court is not persuaded that an evidentiary hearing is required on this claim.

> An evidentiary hearing is to be held only if there is a factual dispute and the record does not conclusively show that the petitioner is not entitled to relief.... The burden of establishing entitlement to an evidentiary hearing is relatively light. *Smith v. United States,* 348 F.3d 545, 551 (6th Cir.2003). However, no evidentiary hearing is necessary if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir.1999).

*United States v. Rose,* 2009 WL 3614814 *2 (S.D. Ohio Oct.5, 2009); see also *Valentine v. United States,* 488 F.3d 325 (6th Cir.2007), citing *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999); *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999).

      Petitioner additionally objects to the Magistrate Judge's recommendation of dismissal of his claims of ineffective assistance of trial and appellate counsel. The Court does not find petitioner's objections to be persuasive. The United States Court of Appeals for the Sixth Circuit has already rejected many of petitioner's allegations. His contention that additional defense witnesses or

---

that was dishonored. *See Affidavit of Michael Wile*.

documents would have assisted his defense is without record support. "Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief." *Bogard v. Ludwick*, 2010 WL 3505691 *5 (E.D. Mich. Sept. 7, 2010), citing *Workman v. Bell,* 178 F.3d 759, 771 (6th Cir.1998).  Therefore, petitioner cannot establish that he was prejudiced, as that term is defined under *Strickland v. Washington*, 466 U.S. 668 (2000).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review.  For the reasons detailed in the Magistrate Judge's Report and Recommendation, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

    s/Algenon L. Marbley  
ALGENON L. MARBLEY  
United States District Judge